# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. KEENAN COFIELD, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 14-0111 (KBJ) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), the United States of America, the United States Attorney's Office [District of Maryland], U.S. Attorney Rod J. Rosenstein, United States Postal Service, Baltimore, United States Postal Inspector, United States Postal Inspector, C/O Investigative Agent Jane Doe, United States Attorney's Office for the District of Columbia ("Defendants"), by and through the undersigned counsel, respectfully request that this action filed by Keenan Cofield ("Plaintiff") be transferred to the District of Maryland.

In support of said motion, Defendants have attached the accompanying Memorandum of Points and Authorities that demonstrate that transfer is proper for the convenience of the parties, witnesses and in the interest of justice.

February 28, 2014

Respectfully submitted,

RONALD C. MACHEN JR, D.C. BAR # 447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By: /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.   20530
(202) 252-2562

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. KEENAN COFIELD ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 14-0111 (KBJ) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al*. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUN OF POINTS AND AUTHORITEIS IN SUPPORT
OF DEFENDANTS' MOTION TO TRANSFER**

Pursuant to 28 U.S.C. § 1404(a), the United States of America, the United States Attorney's Office [District of Maryland], U.S. Attorney Rod J. Rosenstein, United States Postal Service, Baltimore, United States Postal Inspector, United States Postal Inspector, C/O Investigative Agent Jane Doe, United States Attorney's Office for the District of Columbia ("Defendants"), by and through the undersigned counsel, respectfully request that this action filed by Keenan Cofield ("Plaintiff") be transferred to the District of Maryland.

**SUMMARY**

This action was removed from the Superior Court for the District of Columbia.  In it, Plaintiff alleges that his present incarceration is based on a flawed investigation conducted by the Defendants in Baltimore or greater Baltimore, Maryland.  An earlier action wherein Plaintiff alleged similar claim had been removed and transferred to Maryland by this Court.  *Cofield v. Corizon, Inc*., 13-1442 (ESH).  Because the claims arise out of events that took place in or around the greater Baltimore area, this action, like the previous one, should be transferred there.  All of the relevant consideration of 28 U.S.C. § 1404(a) dictate that a transfer is appropriate.

## BACKGROUND

In July 1991, a jury convicted Plaintiff of wire fraud in violation of 18 U.S.C. § 1343, sentenced him to five years of imprisonment, three years of supervised release, and ordered him to pay restitution in the amount of $ 20,000 and a $ 50 special assessment.  *United States v. Cofield*, 1992 U.S. App. Lexis 8284 (6th Cir. 1992) (per curiam), *cert. denied*, 506 U.S. 1023 (1992).[1] Subsequently, he was convicted on a plea in "forged treasury check" scheme in 2004, *Cofield v. United States*, 2012 U.S. Dist. Lexis 53721 (D. Md. 2012), and another count of theft in 2011. *Cofield v. BOP*, 2012 U.S. Dist. Lexis 174989 (D. Md. 2012).

Plaintiff commenced this action for money damages arising from his Maryland conviction(s).  The gravamen of Plaintiff's claim appears to be his belief that "Defendants of the United States of America and United States Postal Service-Postal Service Inspector Services, failed, neglected to properly train and supervise the Postal Inspector Special Agent" apparently resulting in charges being brought against him in state rather than federal court.  ECF No. 1-2 at 13 of 28.[2]  He alleges that he "was subjected to being falsely detained on an illegal and unauthorized arrest warrant now issued by Baltimore County Circuit Court Clerk. . . ." *Id*. at 11 of 28.   It appears that Plaintiff believes that these are violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment constitutional rights.  *Id*. at 12 of 28.

Claims identical to those raised here arising from Plaintiff's check fraud conviction have already been dismissed.  *Allen v. Maryland*, 2013 U.S. Dist. Lexis 162725 at *3 (D. Md.

---

[1] It appears that Plaintiff is a frequent filer who has found another way to unduly burden the courts with his pastime.  *Cofield v. Ala. Public Service Comm'n*., 936 F.2d 512 (11th Cir. 1991) (affirming the district court's dismissal of seven cases filed by the Plaintiff as "frivolous").

[2] For ease of reference and to avoid confusion, the undersigned has taken the liberty of relying upon the Court's Electronic Filing System's numbering protocol.

2013)("To the extent that plaintiffs take issue with the legality of their confinement, complaining that warrants and orders were illegally issued by state court clerks without judicial involvement, their action shall be dismissed without prejudice [] [p]ursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Previously, Plaintiff filed another complaint in the Superior Court for the District of Columbia that was removed to this Court.  *Cofield v. Corizon, Inc., et al.*, 13-1442 (ESH).  In that action, Plaintiff sought money damages for alleged constitutional and common law claims against several federal and Maryland defendants.  There, the Maryland defendants moved to have that action transferred there.  ECF No. 13.  The court granted said motion pursuant to 28 U.S.C § 1404(a) because "'a substantial part of the events or omissions giving rise to the claim[s]' alleged occurred in Baltimore and Baltimore County, Maryland, this complaint originally could have been brought in the U.S. District Court for the District of Maryland."  ECF No. 26 at 2.

## **STANDARD OF REVIEW**

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice."  In considering whether transfer would be proper, the court may consider the following factors:

> (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Greater Yellowstone Coalition v. Bosworth*, 180 F.Supp.2d 124, 127 (D.D.C. 2001).

The Court may also weigh public interest considerations such as (1) the transferee court's familiarity with the governing laws and the pendency of the related actions in the transferee's

forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Id*. at 128. Section 1404(a) vests discretion in the district court to conduct an individualized, case-by-case analysis.  *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988).

## ARGUMENT

### This Case Should be Transferred because Proper Venue Lies in Maryland

When defendants are federal agencies, venue is proper in the district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e).  Courts, however, investigate challenges to venue very closely when a plaintiff files suit in Washington, D.C., and the only connection to the District of Columbia is that named defendants are high government officials and their respective agency headquarters residing there. "Courts in [the District of Columbia] Circuit must examine challenges to . . . venue very carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring suit here that properly should be pursued elsewhere."  *See Cameron v. Thornburgh*, 983 F.2d 253, 256-57 (D.C. Cir. 1993)(finding that Washington, D.C., was not the proper venue because (1) the acts and omissions occurred elsewhere; (2) the two appellees having the most direct connection with the case were in Indiana and Kansas; and (3) the sole connection to Washington, D.C., was the inclusion as parties of the Director of the Federal Bureau of Prisons and the Attorney General in their official capacities); *Joyner v. District of Columbia*, 267 F.Supp.2d 15, 20-21 (D. D.C. 2003)(holding that the case's only connection to Washington, D.C., was the situs of named

4

federal government defendants and, because the case had several connections to the Middle District of Pennsylvania, the case should be transferred there) (citing *Cameron*, 983 F.2d at 256).

For the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a).  A threshold question is whether the case could have been brought in the district to which transfer is sought.  *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964)).  To decide if transfer is proper, the court must engage in a case-by-case analysis and balance the private interests of the parties with public interests such as efficiency and fairness.  *Id*. at 29. The moving party bears the burden to establish it is proper to transfer the case.  T*rout Unlimited v. United States Dep't of Agriculture*, 944 F.Supp. 13, 16 (D. D.C. 1996) (citing *Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F. Supp. 525, 526 (D. D.C. 1987)) (citations omitted).

If the court determines the case could have been brought in the district to which transfer is sought, the court next determines the question of whether the case should be transferred.  The court weighs private and public interests regarding transfer.  The parties' private interests include plaintiff's choice of forum, defendant's choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citations omitted).  Public interests include transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home.  *Id*. The court must grant deference to a plaintiff's choice of venue.  *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D. D.C. 2002) (citing *Sheraton Operating Corp. v. Just Corporate*

*Travel*, 984 F.Supp. 22, 25 (D. D.C.1997)).

The amount of deference the court gives to plaintiff's chosen venue, however, can be minimized. For example, plaintiff's choice of venue is afforded less deference if it is not the plaintiff's home forum. *Id.* at 24 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)). Less deference is also given if the plaintiff's choice has an inadequate nexus to the events in the case. Courts have held that there is an inadequate nexus if federal officials in Washington, D.C., were not involved in the decision-making process. *Shawnee Tribe*, 298 F.Supp.2d at 24 (citing *Trout Unlimited*, 944 F.Supp. at 17); *see also Sierra Club v. Flowers*, 276 F.Supp.2d 62, 67-68 (D. D.C. 2003) (holding that plaintiff's choice of forum, Washington, D.C., deserved little deference, because federal officials based in Florida, rather than Washington, D.C., were more heavily involved in the decision-making process, thus leading the court to find that Washington, D.C., did not play an "active or significant" role in the overall decision at issue); *The Wilderness Society v. Babbitt*, 104 F. Supp. 2d 10, 13-15 (D. D.C. 2000) (giving plaintiffs' Washington, D.C., choice of forum substantial deference where the Secretary of the Interior was extraordinarily directly and heavily involved in decision-making, plaintiff had ties to Washington, D.C., and the environmental issue at hand had national scope).

In this case, this action is before the Court because it was removed from the Superior Court for the District of Columbia. ECF No. 1. The Court should find this case has an inadequate connection to Washington, D.C. Plaintiff's complaint is even devoid of a venue proffer. It appears that Plaintiff filed this complaint in Superior Court in light of the fact that his last action filed there ultimately ended up in Maryland. It further appears that Plaintiff may be attempting to circumvent his probable status in Maryland as a frequent filer. In any event, venue would have

been improper in this District because, pursuant to 28 U.S.C. § 1391(e), Plaintiffs cannot connect his case to Washington, D.C. simply by showing that Defendants reside in Washington. Perhaps the most important determinant in a case like this-a least it appears that this Court thought so in *Cofield I*– the locality in which a substantial part of the events or omissions giving rise to the claim occurred.   It is evident that a substantial part of the events or omissions giving rise to Plaintiff's claim in fact occurred "in Baltimore or Baltimore County, Maryland".   ECF No. 26 at 2.   Plaintiff also fails to show venue is proper in this Court under the third consideration of 28 U.S.C. § 1391(e), Plaintiff's residence.   The fact that Plaintiff is incarcerated in Maryland does not satisfy this test.   On the contrary, Plaintiff initially could have brought this case in the District of Maryland because all venue considerations point to there.   Plaintiff lacks any connection to the venue of Washington, D.C. and all of the relevant principles underlying 28 U.S.C. §1404(a) strongly suggest that this case should be transferred there.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that his action be transferred to the District of Maryland.

February 28, 2014                                        Respectfully submitted,

                                                        RONALD C. MACHEN JR, D.C. BAR # 447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By:_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building

555 4th Street, N.W. – Civil Division  
Washington, D.C.   20530  
Telephone: (202) 252-2562

## **CERTIFICATE OF SERVICE**

I certify that, on this February 28, 2014, I caused a copy of the foregoing Defendants'

Motion to Transfer to be served on Plaintiff as follows:

Keenan K. Cofield
No. 405938
Eastern Correctional Inst. Comp.
30420 Revells Neck Road
Westover, Md.
21890

                                         /s/
                                 KENNETH ADEBONOJO
                                 Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DR. KEENAN COFIELD** . )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** *et al*. )<br>)<br>**Defendants.** )<br>) | **Civil Action No. 14-0111 (KBJ)** |

## **ORDER**

**UPON CONSIDERATION** of Defendants' Motion to Transfer this Action filed by Keenan Cofield ("Plaintiff") to the District of Maryland, it is hereby

**ORDERED** that Defendants' Motion is hereby granted, and

**ORDERED** that this action is hereby transferred to the District of Maryland with immediate effect.

_____  _____
DATE                                HON. KETANJI BROWN JACKSON, U.S.D.J.